## Cassel *against* Jones.

The Supreme Court has not jurisdiction to issue an injunction to a corporation situate in Montgomery county, as the supervision and control of corporations is included in that class of subjects in which they are prohibited from issuing process beyond the limits of the city and county of Philadelphia.

AN injunction had issued from this court on a bill filed by the plaintiffs, Jacob Cassel and two others, complaining that in pursuance of a resolution of The Montgomery Library Company, a corporation legally established in the county of Montgomery, the defendants, members and a committee appointed for the purpose, were about to sell the books of the company and divide the proceeds among the members. The defendants filed an answer, setting forth certain proceedings had at various meetings authorizing them to sell the books purchased by the company (reserving donations) and divide the proceeds among the members. These proceedings the plaintiffs alleged to be insufficient and against the constitution of the company.

The defendants now moved to dissolve the injunction, on the ground that this court had not jurisdiction, and also argued the merits on the bill and answer. The case was argued by

*St. George Campbell* and *Mulvany* for the defendants.
*Dallas* for the complainants.

The opinion of the Court was delivered by

SERGEANT, J.—This case comes before us on a motion to dissolve an injunction issued out of this court to the Montgomery Library Company, and the question is, whether this court has jurisdiction to issue an injunction to a corporation situate within the county of Montgomery. It cannot be questioned but that the power to issue an injunction necessarily follows a grant of equity powers over the subject and the parties; and therefore if this court has jurisdiction over the subject and the parties, the injunction may be sustained, (3 *Watts & Serg.* 193;) but we are of opinion that it has not. And this will appear from a brief survey of the enact-

[Cassel v. Jones.]

ments of the Constitution and Legislature, vesting equity jurisdiction in our tribunals.

Prior to the Act of 16th June 1836, which is the main foundation of our present chancery jurisdiction, that exercised by our courts was restricted to a few specific objects. Some of them were contained in our constitutions, such as bills for the perpetuating of testimony, the obtaining of evidence from places not within the State, and the care of the persons and estates of persons *non compotes mentis*. A general authority was also bestowed on the Legislature, to vest powers to grant relief in equity, and to alter them. This authority was used in a few instances, principally in relation to assignees and trustees, by the Act of 24th March 1818, and its supplements. But by the Act of 16th June 1836, a wider range of chancery powers was given, and it is under the provisions of this Act that the present question presents itself. By the 13th section the equity jurisdiction is enumerated and distributed. A certain portion is vested generally in all the courts of common law, as well the Supreme Court as the Courts of Common Pleas, without discrimination. But afterwards, by a special enumeration, a jurisdiction is designated for the Supreme Court when sitting in banc in the city of Philadelphia, and the Court of Common Pleas for the city and county, embracing not only a portion of what was before granted, but a number of subjects not before mentioned at all; the country, it would seem, not needing, or not desiring, an equity jurisdiction in many cases in which the city and county did. The 13th section, therefore, begins by declaring the subjects of equity jurisdiction which the Supreme Court and the several Courts of Common Pleas generally shall have. Of these, the first, second and third existed already, under the Constitution: viz., the perpetuating of testimony, the obtaining of evidence from beyond the State, and the care of persons *non compotes*. The fourth, also, was already vested by the provisions of various Acts of Assembly. The fifth was new: viz., the supervision and control of all corporations other than those of a municipal character and unincorporated societies or associations and partnerships. And so also was the sixth, the care of trust monies and property, and other monies and property made liable to the control of the said courts. The act then proceeds by a new enumeration to designate what power and jurisdiction the Supreme Court, sitting in Philadelphia, and the Common Pleas for the city and county, shall have, and it repeats the only powers which are newly given by this act,—the fifth and sixth above-mentioned,—and adds other subjects of jurisdiction not before given at all, viz.: III. Bills of discovery in certain cases. IV. Bills of interpleader. V. Bills of injunction to restrain in certain cases. And VI. Bills for specific relief. Then follows the proviso, that no process to be issued by said courts of the city and county of Philadelphia, or the Supreme Court sitting therein, under the chancery powers *herein specially*

VI. — 70   2 w

[Cassel v. Jones.]

*granted*, (except such as have been heretofore exercised), shall at any time be executed beyond the limits of the city and county of Philadelphia. Now what are the powers specially granted by this act? It would seem to be the six I have last mentioned. They were never possessed by any of our courts before; they are the special offspring of this Act of Assembly: and amongst them is the power of controlling a corporation, now asked to be exercised by issuing process into the adjoining county of Montgomery. What, again, are those which had been "heretofore exercised," and as to which, therefore, the powers of this court are not limited to the city and county of Philadelphia, but attend it wherever it holds a court in banc elsewhere? They are those contained in the first four of the general enumeration which, under the Constitution and prior laws, this court had uniformly exercised, and as to them the jurisdiction not being specially granted by this Act, is to remain as before.

Nor do we see any reason why this court should possess a power to control corporations, associations and partnerships throughout the State, by equity process, which would not apply to the other cases for the first time given to it by this act, of interpleader and others; partnerships, especially, often involve disputes on complicated facts, and proofs by witnesses, and hearings from time to time, which might be very inconvenient to parties brought here from a distance, and when the court is not sitting from May to September. We consider it a confirmation of this view of the question, that the Act of 13th June, 1840, sec. 39, declares that the equity powers of the Supreme Court within the city and county of Philadelphia, and of the Court of Common Pleas for that county, shall be *extended* to all cases arising in said city and county over which courts of equity entertain jurisdiction on the grounds of fraud, accident, mistake, or account; which would seem to be intended to put these subjects, as near as may be, on a similar footing with the new powers specially granted by the Act of 1836 to this court and the Court of Common Pleas of this county.

We are therefore of opinion, that the motion to dissolve the injunction must be granted, and the complainant's bill be dismissed on the ground of want of jurisdiction, without prejudice in relation to the merits, on which we give no opinion.

Judgment accordingly.