## Hottenstein *versus* Clement.

1. The Supreme Court have not original jurisdiction in equity, between citizens outside of the city of Philadelphia.

2. The jurisdiction in equity over private corporations extends throughout the State.

BILL in Equity filed by plaintiff, resident in *Northumberland County*, in a case that originated there.

Opinion by

WOODWARD, J.—The 13th section of the act of 16th June, 1836, conferring and defining the equity jurisdictions of this court, enumerate among other specifications, the "supervision and control of all corporations other than those of a munici-

[Hottenstein v. Clement.]

pal character, and unincorporated societies or associations, and partnerships."

In the case of *Cassel* v. *Jones*, 6 W. & S. 552, and again in *Hays* v. *The Penn'a R. R. Co.*, 5 H. 9, it was held that the original jurisdiction which this court was authorized to exercise over corporations by virtue of the above named section, was confined to the city and county of Philadelphia, and could not be exercised in the other counties of the State. In the first of the above cases, an injunction had been granted by the court in banc, whilst sitting in Philadelphia, against a corporation in Montgomery County, and which the court dissolved on motion, for want of jurisdiction. The other case occurred at Harrisburg, against a corporation having its headquarters here in Philadelphia, but the bill in equity for injunction was dismissed on the same ground—the want of jurisdiction. Both cases occurred before 1852.

To remedy these cases, and to give the court jurisdiction throughout the State, over corporations, the legislature passed the act of 8th April, 1852, Purdon, 308. The language of the act is somewhat general, but that it was intended to relate to corporations only, is shown by the proviso which excepts from its operation partnerships and unincorporated associations or societies. These were associated with private corporations in the original grant of equity jurisdiction, by the act of 1836, and being expressly excepted out of the enlarged grant of 1852, it follows by the most necessary implication that the legislature meant the enlarged grant to extend only to " corporations other than municipal," which is the legislative mode of defining private corporations. And it may be argued with conclusive effect, that if the legislature did not mean to extend our powers to partnerships and unincorporated associations throughout the State, much less did they mean to give us an original jurisdiction over private citizens throughout the State. There was necessity to give us jurisdiction over private corporations, for they frequently extend their operations through several counties, and the writs of the local courts are circumscribed by the counties in which they are issued. A railroad, stretching like the Central, or the Philadelphia and Erie, through a great number of counties, could not conveniently be subjected to judicial control, except in a court whose jurisdiction is co-extensive with the State, and whose writs run into every county. But individuals, and partnerships, and unincorporated societies, are less ubiquitous, and those therefore were left to the jurisdiction of the courts of the proper county. The jurisdiction of the county courts in equity cases over such parties is unquestionable, since the act of 14th February, 1857, Purdon, 1226, and was so declared by this court in *Scheetz's Appeal*, 11 C. 94.

[Hottenstein *v.* Clement.]

We have several times decided that our original jurisdiction in equity cases beyond Philadelphia was limited to private corporations, and did not extend to individuals. Thus, in the case of the *County of Crawford* v. *The Pittsburg and Erie R. R. Co.*, 8 C. 142, our original jurisdiction over private corporations was recognized; but we held that a remedy against an individual could not be tacked on to a proceeding against the corporation. This case was decided in 1858, and with the act of 1852 in full view, though it is not discussed in the opinion of the Chief Justice. So again, in the *Sunbury & Erie R. R. Co.* v. *Cooper*, 9 C. 280, the Chief Justice said, in 1859, "We know of no law giving the Supreme Court in banc original jurisdiction over such a cause of action as this, and we must not assume it." That was a corporation case ; but because it originated in Philadelphia, it was held that it must be ruled at Nisi Prius, agreeably to the act of 26th July, 1842, relating to the Nisi Prius. See the case of *Phila. & Reading R. R. Co.* v. *Green & Coates St. Passenger Railway Co.*, 9 C. 82.

In the case of *The Commonwealth* v. *Baroux*, 12 C. 262, we refused to entertain a mandamus case, not from any doubt of our jurisdiction, but because the party had ample remedy in the Court of Common Pleas. On the same ground we should feel at liberty to decline the case now before us, even if it could be shown that it is within the act of 1852. The party complainant has a remedy in the Common Pleas of Northumberland County, and he should seek it there. Our jurisdiction as an appellate court will extend to the case after final decree in that court, but because that court has jurisdiction, there is no necessity for resort to us in the first instance. It cannot be shown, however, that the case is within the act of 1852, or any other act of assembly extending our equity powers, and that is a decisive reason against our entertaining original jurisdiction.

The result of the legislation and judicial decisions on this subject is, that we have original jurisdiction in equity of private corporations throughout the State, and may exercise it wherever we are sitting, with this qualification, however, that in Philadelphia it is to be exercised primarily by the court at Nisi Prius, and not by the court in banc. But in respect to equity proceedings against all other parties than private corporations, to restrain acts contrary to law, we have no original jurisdiction outside of Philadelphia, but only an appellate jurisdiction.

These distinctions are most important to be observed, for this court is a court of errors and appeals, and the increase of its duties as an appellate tribunal is such as to forbid all unnecessary additions of original jurisdiction.

The case is dismissed for want of jurisdiction.